IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALBERTO TORRES,

        Petitioner,                      No. CIV S-09-0278 GGH P

     vs.

D.K. SISTO, et al.,

        Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 30, 2009, petitioner filed a motion to stay this action pending exhaustion of state court remedies. On February 9, 2009, the court issued an order stating that in order to consider this motion, petitioner must file a habeas corpus petition containing his exhausted and unexhausted claims. The court granted petitioner thirty days to file his habeas petition.

        On March 12, 2009, petitioner filed a habeas corpus petition. This petition did not contain petitioner's claims. Rather, it referred to the motion to stay for the statement of claims. Because the court could not determine which claims were exhausted, the court ordered petitioner to file an amended petition listing all claims and identifying which were exhausted.

        On May 5, 2009, petitioner filed an amended petition. In this document, petitioner states that no claims are exhausted.

1  The exhaustion of state court remedies is a prerequisite to the granting of a
2  petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must
3  be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion,
4  thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by
5  providing the highest state court with a full and fair opportunity to consider all claims before
6  presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512
7  (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

8  Because no claims are exhausted, the court must recommend dismissal of this
9  action. The court cannot stay a petition containing no exhausted claims. See Rhines v. Weber,
10 544 U.S. 269, 125 S. Ct. 1528 (2005).

11 The Clerk of Court is directed to assign a District Judge to this case.

12 Accordingly, IT IS HEREBY RECOMMENDED that:

13 1. Petitioner's motion to stay (no. 1) be denied;

14 2. Petitioner's application for a writ of habeas corpus be dismissed for failure to
15 exhaust state remedies.

16 These findings and recommendations will be submitted to the United States
17 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within
18 twenty days after being served with these findings and recommendations, petitioner may file
19 written objections with the court. The document should be captioned "Objections to Findings
20 and Recommendations." Petitioner is advised that failure to file objections within the specified
21 time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153
22 (9th Cir. 1991).

23 DATED: June 2, 2009

/s/ Gregory G. Hollows

24 tor278.dis

UNITED STATES MAGISTRATE JUDGE